MYRON S. BENTHAM, Appellant, *v.* ROBERT QUINAULT and Another, Respondents.

First Department, April 22, 1927.

Trial — verdict — directed verdict — action to recover on oral contract by plaintiff to act as exclusive business manager of defendants, theatrical performers — issue raised whether or not contract was made with plaintiff or was renewal of contract with his principal — issue as to whether one defendant authorized other to act — error to direct verdict.

In an action on an alleged oral contract whereby the plaintiff claims he was to act as exclusive business manager of defendants, theatrical performers, it was error for the court to direct a verdict in favor of the plaintiff, since, in view of the fact that the plaintiff's action was supported solely by his testimony and that of his secretary, and was opposed by admissions in writing tending to show that the contract was made with plaintiff, acting as agent for another, an issue of fact was raised as to whether the defendant made a contract with the plaintiff or whether there was merely a renewal of an existing contract with plaintiff's principal.

There was also an issue of fact as to whether or not one of the defendants authorized the other to act for him in making the alleged contract.

APPEAL by the plaintiff, Myron S. Bentham, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 13th day of October, 1926, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 19th day of October, 1926, denying plaintiff's motion for a new trial made upon the minutes.

*Harold M. Goldblatt* of counsel [*Frederick E. Goldsmith* with him on the brief; *Goldsmith, Goldblatt & Hanower*, attorneys], for the appellant.

*Henry J. Farrell* of counsel [*Paul N. Turner*, attorney], for the respondents.

FINCH, J.    At the Trial Term a verdict was directed in favor of the defendants.    Issues of fact were presented, however, which required submission to a jury.    These arose in the following manner:

Plaintiff sought to recover a balance due pursuant to an oral hiring, whereby he was to act as exclusive business manager of the defendants, a team of theatrical performers.    Plaintiff testified to the making of the agreement with the defendant Quinault.    Plaintiff's testimony was corroborated by that of his secretary.    Defendant Quinault did not testify, but a letter in evidence written by him shows his position to be that the defendant admitted owing ten per cent commission but claimed this to be due to Howell & Baud of Paris, who had made the original managerial contract in Paris with the defendants, and who at that time were represented in America by the plaintiff.    Defendants also put in evidence a letter, written over the signature of the plaintiff, which acknowledged the receipt of moneys by the plaintiff on behalf of Howell & Baud under the contract sued on.    Plaintiff's explanation of this letter was that it was due to an error of his secretary.    Plaintiff was obviously an interested witness.    This conflict of evidence, aside from other inferences bearing upon the question, presented an issue of fact as to whether the defendant Quinault did make an exclusive managerial contract with the plaintiff to represent the defendants or whether there was merely a renewal of the existing contract with Howell & Baud.    This issue could only be resolved at least in the first instance by a finding of the jury.

There was also a second issue of fact, namely, whether the defendant Quinault had authority from the defendant Rowe to bind the latter under the same contract, if the jury should find this contract to have been made as testified to by the plaintiff.    It appears upon this record that the defendant Rowe did not have any communication with the plaintiff concerning the contract in suit, but that the defendant Quinault alone communicated with the plaintiff concerning the work of both the defendants.    From this course of dealing and the admission of the defendant Rowe that the amount sued for was due either to this plaintiff or to Howell & Baud of Paris, there was sufficient to authorize a finding of the jury that the defendant Rowe had authorized the defendant Quinault to represent both defendants in his dealings with the plaintiff.    This was so even in the absence of an actual partnership between the defendants, which, without further evidence, would have authorized one to bind the other in reference to partnership business.    Counsel for the defendants stressed the lack of proof of an actual partnership and thus inadvertently withdrew this other evidence from the attention of the learned trial court.

Since there were thus presented two issues of fact for the jury, a verdict should not have been directed, and the judgment and order appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.

DOWLING, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.